UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| APPALACHIAN ORTHOPAEDIC ASSOCIATES, P.C. | ) ) ) | |
| v. | ) ) | NO. 2:05-CV-23 |
| JEFFREY R. McCONNELL, M.D. | ) | |

## MEMORANDUM OPINION AND O R D E R

This diversity case is before the Court on plaintiff's Motion to Remand, [Doc. 7], to State Court on grounds that the defendant did not file his Notice of Removal, as required by 28 *U.S.C.* § 1446(b),[1] "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ." During the course of the Court's consideration of this motion, the Court, *sua sponte*, directed the parties to file briefs addressing the sufficiency of service of process in this case. Those briefs have now been filed and the issue has been fully briefed and is ripe for disposition.

On December 20, 2004, a complaint seeking judgment against the defendant

---

[1] Plaintiff's motion refers to 28 *U.S.C.* § 1446(a).

in the amount of $309,316.00 plus pre-judgment interest was filed in the Chancery Court for Sullivan County, at Bristol, Tennessee. On January 28, 2005, the defendant filed a "Notice of Removal of Civil Action", [Doc. 1], in this Court asserting that "[S]ervice was made upon Dr. McConnell via mail delivery to his office" but alleging that the defendant "personally saw" the complaint and summons on or about December 31, 2004. On February 15, 2005, the defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) alleging lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [Doc. 5].[2] On August 18, 2005, this Court ordered the parties to brief the issue of the sufficiency of service of process in this case and the defendant, in his response to the Court's order, asserts, for the first time, that service of process is insufficient and that the plaintiff's complaint should be dismissed for that reason. Although not filed as a motion to dismiss, this Court will treat the defendant's response, [Doc. 26], as a motion to dismiss on grounds of insufficiency of service of process.

## *THE MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS*

As noted above, the defendant in this case filed a motion to dismiss pursuant to *Fed. R. Civ. P.* 12(b)(1) and 12(b)(6) shortly after removal of this action from the

---

[2] This order does not address defendant's Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6).

Chancery Court for Sullivan County, Tennessee. The defendant now belatedly raises the defense of insufficiency of service of process in response to the Court's order to brief the issue. The defense of insufficiency of service of process, however, is waived if not raised in a responsive pleading or in the party's initial Rule 12(b) motion. *Fisher v. Merryman*, 32 Fed. Appx. 721 (6th Cir. 2002) (Not recommended for full-text publication). If a motion is made asserting any of the defenses listed in Rule 12(b), any objection to process must be joined in that motion or it will be deemed waived. *See Fed. R. Civ. P.* 12(h).

It is well settled that any time a defendant makes a pre-answer Rule 12 motion, that defendant must include, on penalty of waiver, all defenses set forth in subdivisions (2) through (5) of Rule 12(b) which are "then available" to the defendant. Rule 12(h)(1) "advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If that party wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made–whether it be by way of a Rule 12 motion or a responsive pleading." 5C *Charles Alan Wright & Arthur R. Miller*, *Federal Practice and Procedure* § 1391 (2004).

Therefore, it is quite clear that the defendant in this case has waived any basis

3

for a defense based upon insufficiency of service of process by failing to include that defense in his first motion filed pursuant to Rule 12(b) filed on February 15, 2005. The defendant's belated motion to dismiss pursuant to Rule 12(b)(5) is **DENIED.**

## *THE MOTION TO REMAND*

Title 28 *U.S.C.* § 1446(b) controls the time for seeking removal from a state court to a federal court. It requires that the notice of removal "be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, . . ." The United States Supreme Court has held that if the complaint is filed in court prior to any service, as it was here, the thirty (30) day removal period is triggered by formal service of the summons. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). Justice Ginsburg's opinion for the court in *Murphy Bros*. makes it clear that formal service of process rules under state law must now be followed in determining whether the thirty (30) day removal period has been triggered. *See also Fed. R. Civ. P.* 4(e)(1). This Court must, therefore, look to the law of the State of Tennessee to determine whether or not formal service of process was effected on December 27, 2004, as alleged by the plaintiff, so as to render the filing of the

4

notice of removal untimely pursuant to 28 *U.S.C.* § 1447(b).

*Tenn. R. Civ. P.* 4.05 provides for service upon a defendant outside the State of Tennessee (1) by any form of service authorized for service within the State of Tennessee pursuant to Rule 4.04; (2) in any manner prescribed by the law of the state in which service is effected (in this case Pennsylvania); or (3) as directed by the court. *Tenn. R. Civ. P.* 4.04(1) provides for service upon an individual:

> " . . . by delivering a copy of the summons and of the complaint to the individual personally, or if he or she evades or attempts to evade service, by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein, whose name shall appear on the proof of service, or by delivering the copies to an authorized agent by appointment or by law to receive service on behalf of the individual served.

Rule 4.04(10) permits service by mail "by registered return receipt or certified return receipt mail" to the defendant.

The governing rules under Pennsylvania law appear to be found in *Pa. R. Civ. P.* 400, 402 and 403. *Pa. R. Civ. P.* 400 provides that " . . . original process shall be served <u>within</u> the commonwealth only by the sheriff."
(Emphasis added)
Rule 402 provides that original service may be served (1) by handing a copy to the defendant; or (2) by handing a copy "at any office or usual place of business of the

5

defendant to his agent or to the person for the time being in charge thereof".

Rule 403 provides that:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. n Service is complete upon delivery of the mail.

The explanatory comment to *Pa. R. Civ. P.* 403 makes clear that service by mail is authorized <u>only</u> when a Rule of Civil Procedure specifically authorizes such service. Rules giving such authorization for service by mail are Rule 404(3) governing service outside the commonwealth and Rule 412 governing actions for custody, partial custody and visitation of minor children and actions for divorce or annulment of marriage.

The record in this case establishes that the summons and complaint were mailed to the defendant on December 20, 2004, by certified mail addressed to his place of business at Orthopaedic Associates of Allentown, 1243 S. Cedar Blvd., # 2500, Allentown, PA 18103. The certified mail receipt establishes that the summons and complaint were received by Melody Gardner [presumably an employee of Orthopaedic Associates of Allentown] on December 27, 2004. The box on the return receipt which is to be completed upon delivery indicating receipt by an agent is not checked. The defendant has filed a verified statement asserting

6

that he never personally authorized Melody Gardner to receive service of process on his behalf and that he did not receive the summons and complaint from Ms. Gardner until on or about December 31, 2004.

The plaintiff asserts that service of process was complete upon the receipt on December 27, 2004, of the summons and complaint by Melody Gardner and that the notice of removal filed on January 28, 2005, is, therefore, untimely, not having been filed within thirty (30) days of service of process. The defendant, on the other hand, argues that service of process upon Melody Gardner on December 27, 2004, was not effective under either the service of process rules of Tennessee or of Pennsylvania and that the thirty (30) day period for removal did not began to run until December 31, 2004, when Dr. McConnell personally received a copy of the summons and complaint, making the filing of the notice of removal on January 28, 2005, timely.

As set forth above, this Court has determined that the defendant has waived any defense to this action based upon insufficiency of service of process pursuant to *Fed. R. Civ. P.* 12(b)(5). This finding, however, is not dispositive of the plaintiff's motion to remand and this motion requires this Court to determine whether or not service, in the manner described above, was effective on December 27, 2004, thus triggering the thirty (30) day removal period of 28 *U.S.C.* § 1447(d).

In the United States District Courts, original process may be served under either the law of the state in which the district court sits or under the *Federal Rules of Civil Procedure*. *See Fed. R. Civ. P.* 4(e)(1). Except where a waiver has been obtained, the *Federal Rules of Civil Procedure* do not provide for service of original process by certified mail. Thus this Court is squarely presented with the question of whether service of process was effective in this case under either Tennessee or Pennsylvania law, since Tennessee's rule also provides that service may be effected under any procedure specified by the law of the state where the defendant resides. The question can easily be answered in the negative with respect to Pennsylvania law. Pennsylvania Rules of Civil Procedure to not authorize service of original process <u>within</u> the Commonwealth of Pennsylvania by mail. *See Kucher v. Fischer*, 167 F.R.D. 397, 399 (E.D. Pa. 1966) (*citing Cahill v. Schults*, 434 Pa. Super.332, 643 A.2d 121, 125 (1994). In addition, *Pa. R. Civ. P.* 400 provides that original process shall be served within the Commonwealth of Pennsylvania <u>only</u> by the sheriff. Since neither of the circumstances authorizing service by mail exist in this case, service by certified mail on Melody Gardner, regardless of whether or not she was the defendant's authorized agent, is ineffective under Pennsylvania law.

The only question remaining, therefore, is whether or not service in the

manner accomplished in this case is effective under Tennessee law. The defendant, not surprisingly, argues that service is insufficient under the facts and circumstances of this case while plaintiff, relying primarily on *Boles v. Tennessee Farmers Mut. Ins. Co.*, 2000 WL 1030837 (Tenn.Ct.App.), argues in the affirmative. Rule 4.04(1) of the *Tennessee Rules of Civil Procedure* specifically permits a plaintiff to serve a defendant with process by "delivering the copies to an agent authorized by appointment or by law to receive service on behalf of the individual served." Such delivery may be accomplished by registered return receipt or certified return receipt mail. Under the clear language of the rule, therefore, delivery of copies of a summons and complaint by certified mail to an agent authorized by appointment or by law to receive such service is sufficient service under Tennessee law. In this case, however, the uncontradicted evidence before the Court is that Ms. Gardner, while an employee of Orthopaedic Associates of Allentown where the defendant is a partner and employee, is not authorized to accept and sign for any certified mail addressed to any partner or employee.

The first decision of a Tennessee appellate court which addressed the question of whether, and under what circumstances, service of process is effective when an employee signs for and receives a defendant's certified mail is the *Boles* case relied upon by the plaintiff in this case. The *Boles* court specifically found as

follows:

> In Tennessee, Rule 4.04 specifically permits a plaintiff to serve a defendant with process by serving the defendant's authorized agent. Such a practice is permitted, regardless of whether the defendant is an individual or a corporation, provided the agent is authorized by appointment or by law to receive service on behalf of the defendant.

*Boles* at * 5

The *Boles* court rejected a "sweeping characterization" of its holding that characterized the person served in that case as "merely a desk clerk or receptionist with whom a postal employee left a summons and complaint. Rather, Prater was specifically authorized to sign for and receive certified mail on behalf of Tennessee Farmers and its employees . . ." Two subsequent opinions of the Tennessee Court of Appeals dictate the result in this case. In *Edwards v. Campbell*, 2001 WL 52776 (Tenn. Ct. App.) and in *Basham v. Tillaart*, 2003 WL 21780974 (Tenn. Ct. App.), the court reiterated that nothing in Rule 4.04(1) permits a plaintiff to serve process by sending documents to an individual's place of business, thereafter to be receipted for by an employee who is not an authorized agent for service of process.

The conclusion is inescapable, therefore, that service in this case upon Melody Gardner, an employee not specifically authorized to accept certified mail on behalf of Orthopaedic Associates of Allentown or Jeffrey J. McConnell, M.D.,

10

is not effective service under Rule 4.04(1) and service of process was not effected on December 27, 2004, when Ms. Gardner signed the return receipt. At the earliest, therefore, the thirty (30) day window for removal was triggered on December 31, 2004. The notice of removal, filed on January 28, 2005, is, therefore, timely pursuant to 28 *U.S.C.* § 1447(b) and plaintiff's motion to remand is **DENIED**.

    **SO ORDERED**.

    ENTER:

                                                           s/J. RONNIE GREER
                                          UNITED STATES DISTRICT JUDGE