UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| APPALACHIAN ORTHOPAEDIC ASSOCIATES, P.C. | ) ) ) | |
| v. | ) ) ) | NO. 2:05-CV-23 |
| JEFFREY R. McCONNELL, M.D. | ) | |

## **MEMORANDUM OPINION AND O R D E R**

This diversity case is before the Court on the motion of the defendant to dismiss pursuant to *Fed. R. Civ. P*. 12(b)(1)[1] and 12(b)(6) [Doc. 5]. The defendant seeks a partial dismissal of the complaint as to those amounts sought in paragraphs 10 and 11 related to rental payments allegedly made by plaintiff for defendant's use and benefit. The plaintiff claims the right to reimbursement pursuant to a "shared expenses" agreement between the plaintiff and all of its shareholders, including the defendant. The defendant claims that the complaint should be dismissed based on *Tenn. Code Ann*. § 29-2-101, the Tennessee Statute of Frauds, and the case *In re Estate of Gordon S. Dickerson, Jr.*, 600 S.W. 2d 714

---

[1] Although also styled as a motion pursuant to *Fed. R. Civ. P.* 12(b)(1), defendant does not address any argument as to the subject matter jurisdiction of this Court.

(Tenn. 1980).

## *Standard of Review*

When deciding a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the Court must take as true all factual allegations in the complaint. *Barrett v. Harrington*, 130 F. 3d 246, 251 (6th Cir. 1977) Dismissal is proper only if it is clear that no relief can be granted under any set of facts that could be proved consistent with the allegations. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998) A motion under Rule 12(b)(6) tests the sufficiency of the plaintiff's claim for relief. *Sims v. Mercy Hospital of Monroe*, 451 F. 2d 171, 173 (6th Cir. 1971) (*per curiam*). When deciding a motion to dismiss a court may consider only matters properly a part of the complaint or pleadings. *Briggs v. Ohio Elections Comm;n*, 61 F. 3d 487 (6th Cir. 1995) Although defendant has filed a reply to plaintiff's opposition to defendant's motion to dismiss with an affidavit of the defendant attached, this Court declines to treat the motion as one for summary judgment to be disposed of as provided in *Fed. R. Civ. P.* 56 and will not consider defendant's reply.

## *Analysis*

Construing the complaint in this case in the light most favorable to the plaintiff and accepting all factual allegations as true, this Court cannot find, at this

stage of these proceedings, that plaintiff undoubtedly can prove no set of facts in support of its claims as set forth in paragraphs 10 and 11 of its complaint which would entitle it to relief in this matter. The essence of the plaintiff's complaint is that the defendant owes certain amounts paid by plaintiff pursuant to a shared expenses agreement among the shareholders of the plaintiff practice, including the defendant. While the defendant characterizes plaintiff's claim as one seeking to recover from defendant for the debt of the plaintiff, such is not the essence of the complaint. The case relied upon by the defendant, *In re Estate of Gordon S. Dickerson, Jr.*, 600 S.W. 2d 714 (Tenn. 1980), is clearly distinguishable in that, in that case, the lessor of the property sued a person who was not a party to the lease. This action is not an action brought by the lessor against Dr. McConnell but rather an action brought by a professional corporation of which the defendant was a former shareholder employee seeking to recover amounts allegedly paid on defendant's behalf by the plaintiff pursuant to a shared expenses agreement among the shareholders of the professional corporation. The provisions of the Tennessee Statute of Frauds relied upon by the defendant do not appear, at least upon the face of the pleadings, to be applicable to this case nor can this Court find at this point

that the doctrines of past performance and equitable estoppel have no application to this case. For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

**SO ORDERED**.

ENTER:

4

Case 2:05-cv-00023   Document 28   Filed 09/29/05   Page 4 of 4   PageID #: 16